# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 cr 143-3

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **KASEY LYNN KEFFER.** | ) | |
| | ) | |
| _____ | ) | |

This matter came before the Court at a detention hearing held after a Rule 11 proceeding on January 22, 2018. The Court was presented with the issue of whether Defendant should continue to be detained pursuant to 18 U.S.C. § 3143(a)(2). Defendant requested a detention hearing and to be released while awaiting sentencing, pursuant to 18 U.S.C. 3145(c). Defendant was present with her attorney, Renae Alt-Summers, and the Government was present and represented by AUSA Justin Isaac Eason. After hearing arguments and reviewing the record, the Court makes the following findings.

**Findings.** On October 30, 2017, the Government filed a criminal complaint and the Court issued an arrest warrant for Defendant and two co-defendants. On the same day, all three defendants were arrested. On November 1, 2017, the Court held a detention hearing as to Defendant and issued an Order of Detention [# 15]. On November 14, 2017, the grand jury returned a bill of indictment charging Defendant with aiding and abetting armed robbery of an Indian, in violation of 18 U.S.C. §§

2111, 2, and 1152; and kidnapping of an Indian, in violation of 18 U.S.C. §§ 1201(a)(2), 2, and 1152.  On January 9, 2018, Defendant and the Government entered into a plea agreement [# 44].  On January 16, 2018, Defendant asked to continue her plea hearing until January 22, 2018, and to have a detention hearing following [# 45].  On January 22, 2018, the Court held a plea hearing and Defendant pled guilty to aiding and abetting armed robbery of an Indian, in violation of 18 U.S.C. §§ 2111, 2, and 1152 [# 46].

At the close of the plea hearing, the Court held a detention hearing regarding the release of Defendant into a treatment facility.  Defendant was on a waiting list for Swain Recovery Center for a forty-two day in-patient program, with a bed available on January 24, 2018 [# 45].  The Court stated that Defendant had just pled guilty to a violent crime that would require exceptional reasons for release.  Defendant's counsel stated that Defendant has a desire to rehabilitate herself and has only one leg, using a prosthesis to ambulate.

**Discussion.**  Defendant's motion is based upon 18 U.S.C. § 3145(c):

**(c) Appeal from a release or detention order.**—

An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291 of title 28 and section 3731 of this title.  The appeal shall be determined promptly.  A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

In October 2009, District Judge Reidinger assigned to this Court the task of conducting exceptional reason determinations in criminal matters pending in this district. Judge Reidinger defined 'exceptional reasons' in *United States v.Vilaiphone*, No. 3:08-cr-232, 2009 WL 412958 (W.D.N.C. Feb. 19, 2009).

> Courts generally have defined "exceptional reasons" as circumstances which are "clearly out of the ordinary, uncommon, or rare." *See United States v. Larue,* 478 F.3d 924, 926 (8th Cir. 2007) (finding defendant's compliance with terms of pretrial release, lack of criminal record, payment of child support, and continued employment were not exceptional reasons warranting release); *United States v. Lea,* 360 F.3d 401, 403 (2d Cir. 2004) ("Exceptional circumstances exist where there is 'a unique combination of circumstances giving rise to situations that are out of the ordinary.'"). The fact that the Defendant has cooperated with the Government and has complied with the terms and conditions of his pretrial release do not constitute exceptional reasons warranting his continued release pending sentencing. *See United States v. Little,* 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor it is clearly out of the ordinary, uncommon or rare for defendants to cooperate in the investigation of their criminal acts."). Similarly, the Defendant's lack of a significant criminal history and his gainful employment, while commendable, do not rise to the level of "exceptional reasons." *See Lea,* 360 F.3d at 403–04 ("There is nothing 'exceptional about going to school, being employed, or being a first-time offender, either separately or in combination."). Finally, while the Court is cognizant of the hardships that the Defendant's detention will create for his immediate family, such hardships are common to nearly every case involving a term of imprisonment and thus do not qualify as "exceptional reasons" under § 3145(c). *See United States v. Garcia,* 340 F.3d 1013, 1022 (9th Cir. 2003) ("Hardships that commonly result from imprisonment do not meet the standard."); *United States v. Mahabir,* 858 F. Supp. 504, 508 (D. Md. 1994) ("A defendant's incarceration regularly creates difficulties for him and his family. Courts have found that such purely personal considerations do not constitute exceptional reasons within the meaning of Section 3145(c).").

Id. at *2 (internal citations omitted). See also U.S. v. Norvell, 729 F.3d 788, 791–

92, 796 (8th Cir. 2013) (finding that a district court did not abuse its discretion by determining that "[a]lthough laudable, the desire to seek treatment and rehabilitate oneself is not "'clearly out of the ordinary, uncommon, or rare.'")

The Court does not find exceptional reasons exist in this case. While the Court finds it is laudable for defendants to seek treatment and rehabilitate themselves, it can hardly been seen as uncommon or rare, and therefore it is not an exceptional reason for release. Additionally, Defendant failed to make a connection between her condition of having one leg and how that itself is an exceptional reason or how it relates to an exceptional reason for release.

## ORDER

**IT IS, THEREFORE, ORDERED**, that Defendant's motion for release is **DENIED**. Defendant shall remain detained pending sentencing.

Signed: January 23, 2018

Dennis L. Howell
United States Magistrate Judge