THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00143-MR-WCM-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| KASEY LYNN KEFFER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court the Defendant's letter [Doc. 87], which the Court construes as a motion for compassionate release. The Government opposes the Defendant's motion. [Doc. 89].

**I.    BACKGROUND**

In January 2018, the Defendant Kasey Lynn Keffer pled guilty to one count of robbery of an Indian within the boundaries of the Eastern Band of Cherokee Indians reservation, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2111, 2, and 1152. In August 2018, the Court sentenced her to 100 months of imprisonment. [Doc. 73]. The Defendant is currently housed at FMC Carswell, and her projected release date is December 4,

2024.[1]  The Defendant now seeks a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 87].  Specifically, the Defendant argues that her underlying health conditions place her at a higher risk for severe illness from COVID-19, and that her particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served.  [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies.  Accordingly, the Court will proceed to address the merits of the Defendant's motion.

---

[1] See https://www.bop.gov/inmateloc/ (last visited Oct. 2, 2020).

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);"

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well. See United States v. Taylor, -- F. App'x --, 2020 WL 5412762 (4th Cir. Sept. 9, 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

3

and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The defendant's age can also constitute an extraordinary and compelling reason for a reduction in sentence. This standard is met if the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious

4

deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13, cmt. n.1(B). The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Defendant claims that her underlying health conditions—namely, having a partially amputated leg, obesity, and chronic hypertension—place her at a higher risk of COVID-19 related complications. The Government concedes that obesity and hypertension may place the Defendant at an increased risk of severe illness.[3] However, neither of these

---

[3] As the Government correctly points out, there is no indication that amputees are at any greater risk of severe illness from COVID-19.

5

Case 1:17-cr-00143-MR-WCM    Document 93    Filed 10/05/20    Page 5 of 9

conditions is terminal, and the Defendant's medical records indicate that she is receiving appropriate medical treatment for these conditions. [See Doc. 91-1]. Further, nothing in the Defendant's medical records indicates that either of these conditions diminishes her ability to provide self-care within the environment of a correctional facility. [See id.]. Finally, the Court notes that FMC Carswell has taken significant measures to protect the health of its inmates and staff.[4]

In short, the mere fact that the Defendant—like any other inmate in the BOP—faces a potential risk of contracting COVID-19 or suffering complications therefrom is not sufficient to justify her release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[5]

---

[4] See http://www.bop.gov.coronavirus/index.jsp (last visited Oct. 2, 2020).

[5] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for her release, the Court would still deny the Defendant's motion because it appears that the Defendant would continue to pose a danger to public safety if released. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant has an extensive criminal history. The Defendant was determined to have a criminal history category of VI. [Doc. 68: PSR at ¶ 54]. Her prior convictions include drug trafficking, firearms, misuse of 911 system, uttering, and other offenses. This history of criminal behavior reflects on the history and characteristics of the Defendant and the need for the original sentence to protect the public from further crimes of the Defendant. Further, the Defendant has only served approximately 35% of

7

her sentence months of her 100-month sentence. Serving only 35% of a sentence for orchestrating an armed robbery does not promote respect for the law.

The crime of conviction and its nature and circumstances also weigh heavily against release. The Defendant offered the idea of an armed robbery of another person in his own home to her co-defendants, then acted in an essential role as the driver when it was carried out. Robbing people at gunpoint is extraordinarily dangerous for all involved, and the 100 months she received originally reflects the seriousness of that offense.

Accordingly, in light of the Defendant's record, which shows that she is a danger to the safety of her community, and after due consideration of the relevant § 3553 factors, this Court finds that the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes all militate against a reduced sentence in this case.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of her continued incarceration.

8

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 87], which the Court construes as a motion for compassionate release, is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 5, 2020

Martin Reidinger
Chief United States District Judge